May it please the Court, Hugo Larios on behalf of Petitioner Ms. Ibarra-Hernandez. A conviction for taking the idea of another in violation of Arizona Statute 13-2008 does not constitute a CIMT. In fact, it is the petitioner's position that categorically it is not a crime involving moral turpitude. A crime involving moral turpitude, or CIMT, generally has been defined as a conviction or act that is vile, based or deprived and violates the accepted moral standards. Why wouldn't it be under the modified categorical approach, a crime involving moral turpitude, since he did apparently take the identity of a real person? Right. Isn't that basically a kind of theft? Well, Your Honor, no. And the reason for that is that language of the statute does not constitute an element of fraud. The legislature, the Arizona legislature, has three very similar statutes commonly used for individuals who use Social Security for another, 13-2006. 2002 and 2006, the Arizona legislature included express language with intent to defraud. So the basic canons of statutory interpretation would indicate that the legislature in 13-2008 expressly intended not to include the element of intent to defraud. Counsel, I have a question for you. As you know, the BIA here referred to the matter of Silva Trevino. And under Silva Trevino, the BIA believes it can do both a categorical and then a modified categorical analysis to determine whether this is a CIMT. What impact, if any, did the recent case of DECOMP versus United States have on the viability of Silva Trevino? Before you answer that, let me ask Brad if he could turn the volume down a little bit. We're getting a little bit of a feedback. Thanks. I believe that the recent case law modifies the entire or changes the entire analysis because, basically, previously, the courts were engaging in an analysis of conduct, what the actual individual did. DECOMP and Rendon changed the analysis and basically says, we're going to compare the language of the statute directly with the generic, traditional definition of the offense. And that's precisely the point. We start with a definition of what is a CIMT. And a CIMT, again, traditionally has been defined as base vial deprived. If we look at the language of the statute 13-2008, I don't believe that any of those elements raise to the level of vial based and deprived. Now, it has been, I understand, a case law that says that fraud can be implied in the nature of the offense. And, again, our position is that none of the language in 1208 raises to the level of vial based and deprived. What do you do with the case of Blanco v. Mukasey? Your Honor, that would be our same position, because even if you imply or try to imply the element of fraud in the statute, again, the Arizona legislature expressly omitted it. Now, even if we take the modified categorical approach, then which, if we use the modified categorical approach, the statute can be read in the following way. Taking the identity of another without their consent for the purpose of any unlawful purpose. Well, that's just too broad, just like the consent. Do you have, counsel, do you have any Ninth Circuit cases putting the Beltran case aside? Can you cite to me any cases that support what you're saying? About? Implicit fraud. No, Your Honor, I don't. All right. Thank you. I want to get back to what happens with DECOMP. You made a statement, but I'd like you to analyze it. From your perspective, what does DECOMP require the BIA to do in this situation to determine whether this is a CIMT? Basically, DECOMP's analysis dictates that we take the language of the statute and compare it to the traditional definition of a CIMT. Okay. And if that, in other words, if it does not categorically match, then what happens? Then we take the divisible language of the statute and then compare that language to the generic or traditional definition of a CIMT. Okay. Now, in this case, do you agree that this is a divisible statute or not? It is divisible in the sense that the identity of another can be used for three different purposes. Yes. And if you do, if you have a divisible statute under DECOMP, then you have the right to consider whether the elements of the statute that do match here can be proven by reference to documents, such as plea agreements, indictments, whatever it may be. Do you agree with that? Yes, sir. Okay. And in this case, if you look at this as a divisible statute and argue and let's say it doesn't categorically match, why wouldn't this be a CIMT when you use a divisible statute analysis and you look at the elements that the BIA believed that your client matched, if you will? Sure. The record shows that in this case a petitioner used the Social Security of another solely to obtain employment. And that's in the record at page 125. Let me just ask you this. I understand that we're talking statutory analysis here, but when you use somebody else's Social Security number, we're all familiar with what's happening in terms of hacking and fraud and all those kinds of things. You expose that person to misuse of the Social Security number, right? Yes, sir. And can that lead to additional fraud and theft out of bank accounts and the like? It could potentially, yes. Okay. And would, if having a Social Security number were a requirement to have a job, would you not deprive someone else of a job who had a Social Security number? No, sir. I don't believe how. If somebody uses a Social Security number of another to obtain employment, that wouldn't preclude the other person from applying to another job. Let's assume that the universe is one job and there are two people that are applying for the job. And one has a Social Security number and one does not. And the one who gets the job is the one who's using somebody else's Social Security number. In that example, a person who had the Social Security number would be deprived of the job, right? Well, if the — In that example. Yes, sir. Yes. Okay. And do you believe that, given the consequences of Social Security theft, that that does not constitute an element of fraud? That is correct, sir. Do you think it makes any difference if it's a real person or a fictitious person? It does in the sense that when it's not a real person, there's no loss like Judge Schmid was saying. However — So if you're dealing with a real person, as here, doesn't that argue in favor of it being a fraudulent act, a type of theft, taking something from a real person? No, sir. Because, again, we're implying and we're implying that the act constitutes fraud. And our position is that in the language of the statute, there's absolutely no fraud. I see you're down to about 20 seconds or so. Did you want to reserve some time for rebuttal? Yes, if I may, please. Sure. Thank you, Mr. Larios. Good morning. Good morning. May it please the Court. My name is Dawn Conrad, and I'm here today on behalf of the United States Attorney General. In this case, the Board properly found that Petitioner's conviction for taking the identity of another under ARS Section 13-2008 was a crime involving moral turpitude. The Board properly found that the statute was inherently fraudulent because it requires a knowingly false representation to gain something of value. Now, somebody has to interrupt here because you have limited time and we have questions. I understand. All right. You did not argue below the categorical approach. Is that correct? That's correct. Does the recent case of Rendon change your analysis? No, Your Honor. We still believe that the Board properly applied the modified categorical approach in this case because we believe that the statute is divisible. So because this is a divisible statute, because it requires three different intents for which a person may knowingly use another person's identity, and it is any unlawful purpose to cause loss to a person or entity or to obtain or continue employment. And there is no indication under Arizona law that the jury can disagree on the defendant's intended purpose in still reaching unanimous guilty verdict. So we believe that the Board properly applied the modified categorical approach in this case and looked at the underlying Shepard documents. Following up on my colleague's question, you heard what I asked opposing counsel about the impact of DECOMP, United States versus DECOMP. What impact, if any, should that have on this case in light of the fact that the Board, which of course didn't know about, something had not yet occurred, followed the Silva-Trevino approach? Well, the Board subsequently did, in a matter of chars, did adopt DECOMP for immigration cases. Good of them to do that since it came from the Supreme Court. Yes. So, but I don't believe it has necessarily any direct impact on this case because the Board did alternatively look and consider whether the modified categorical approach applied. So did they determine whether the statute was divisible? They did not make a finding on that because they followed Silva-Trevino. Okay. And under DECOMP, didn't Justice Kagan make clear that you don't even get to the modified categorical analysis until you determine the statute is divisible? Yes, that's correct. Okay. And they didn't do that, right? They did not make a ruling on that in this case. Okay. In that circumstance, since this is, in fact, new law since this case was handed down, do we have to send this back to the BIA to perform that analysis, or can we do that ourselves since it's fairly obvious that it is a divisible statute? I believe this Court can do it yourselves because it's a question of law that the Court would look at in the first instance. Let me ask, alternative ruling, didn't they? They ruled it was categorical, and then in the event it's not categorical, it passes muster into the modified categorical approach. Yes, that's correct. Is that functionally treating it as divisible, do you think? Yes, I would argue that, yes. Once the modified categorical approach was applied in this case, Petitioner's plea colloquy revealed that for over two years she used the Social Security number of another person without his knowledge or consent to obtain employment. Thus, it demonstrates a knowingly false representation to gain something of value, her employment. And the Board's determination that Petitioner's conviction involved moral turpitude is entitled to skid more deference, as this Court held in Marmoleo Campos. What's the impact, if any, of Beltran-Torado? Yes. I thought that was what I was getting to next, Your Honor. Excellent. The Board reasonably found that this Court's prior decision in Beltran-Torado was not controlling, because although that case involved similar conduct, an alien's use of a Social Security card to obtain employment, the Board reasonably found that the Court's holding in that case was limited to the exemption from prosecution granted by former 42 U.S.C. Section 408 D.1, which granted immunity from prosecution to aliens who used a false Social Security number for a lawful purpose. This exemption only applied to aliens who had obtained legal status and whose conduct was alleged to have occurred prior to January 1991. This Court in Beltran-Torado focused on the Congressional Conference report that accompanied that legislation, and the exemption contained in former Section 408 D.1 was made to address a problem faced by certain undocumented immigrants who had obtained amnesty under the Immigration Reform and Control Act of 1986. Congress did not want them to be subject to prosecution or lose their status if they attempted to correct their earnings records. Thus, the fact that Congress chose in that case to exempt a certain class of aliens from prosecution for this type of conduct does not mean, and also only for a limited time, does not mean that it applies to similar conduct forever. So Beltran-Torado should be limited to its facts. Yes. And here also we note that Petitioner is not similar to the Petitioner in Beltran-Torado because she was convicted under the Arizona statute, not the federal statute. She is not eligible under the amnesty or registry statutes, and her conviction occurred 18 years after the exemption expired. If there are no further questions, we respectfully ask the courts to deny the petition for review. Thank you, Ms. Conrad. Mr. Larios, you have about a half minute left. Thank you, Your Honor. Your Honor, briefly, if we take the modified categorical approach, in this instance, the petitioner's conviction would not constitute a CIMT because the elements would be not only using the personal identification of another without their consent with intent to obtain employment, and those three elements do not constitute a CIMT. Thank you. Thank you. Thank you, Mr. Larios. Ms. Conrad, again, thank you. The case just argued is submitted. Good morning. Good morning.
judges: Nelson, Silverman, Smith